[Not for Publication]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 97-1930

JAIME LOYOLA-CINTRON, ET AL.,

Plaintiffs, Appellants,

v.

BENJAMIN BETANCOURT-AQUINO, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Lynch, Circuit Judge,

Coffin and Cyr, Senior Circuit Judges.

Astrid Coln-Lede for appellants.
Carlos A. Ortiz-Morales, with whom Alfonso Miranda Cardenas and
Miranda Cardenas & Cordova were on brief for appellee Garcia Rinaldi.
Jose Luis Gonzalez-Castaner, with whom Law Offices of Jose Luis
Gonzalez-Castaner and Jose R. Ortiz-Velez were on brief for appellees
Betancourt Aquino and Simed.
Rafael Mayoral Morales, with whom Latimer, Biaggi, Rachid &
Godreau was on brief for appellee Hosital Pavia.

April 3, 1998

Per Curiam. Plaintiffs challenge various rulings
underlying the dismissal of their wrongful death action against Dr.
Raul Garcia Rinaldi, Dr. Benjamin Betancourt Aquino, and Hospital
Pavia, for providing negligent post-operative care and supervision
to their father. We summarily affirm the district court judgment
based on a thorough review of the entire record.
On May 11, 1993, plaintiffs' father was admitted to
Hospital Pavia and treated by defendant Betancourt for chest pain. 
The next day defendant Garcia performed emergency coronary by-pass
surgery, followed by a second surgery to correct temporary
bleeding. During the post-operative recovery period the patient
was successfully treated for several episodes of cardiac
arrhythmia, the latest having occurred three days prior to his
discharge in stable condition. On May 23, three days after
discharge, he suffered a cardiac arrest and died despite defendant
Betancourt's efforts to resuscitate.
The district court correctly granted summary judgment to
Dr. Garcia on the ground that plaintiffs failed to present any
evidence which, if believed, could have rebutted the presumption
under Puerto Rico law that the decedent received reasonable medical
care from Dr. Garcia. See Fernandez v. Corporacion Insular de
Seguros, 79 F.3d 207, 211 (1st Cir. 1996). Instead, plaintiffs
relied exclusively upon the unsupported, conclusory allegations in
their complaint. Absent affidavits generating a trialworthy issue,
summary judgment was inevitable. See Medina-Munoz v. R.J. Reynolds
Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990); see also Fed. R. Civ.
P. 56(e).
Plaintiffs further contend that they should have been
granted a new trial because the district court refused to allow
their expert witnesses, an internist and a pathologist, to testify
that defendants Betancourt and Hospital Pavia provided negligent
post-operative care. The district court committed no error, let
alone manifest error. See United States v. Sepulveda, 15 F.3d
1161, 1183 (1st Cir. 1993).
First, one of the witnesses, neither a surgeon nor a
cardiologist, acknowledged having nothing "to do with open-heart
surgery. It's not my expertise. I have not been trained for it .
. . ." The other, likewise not a cardiologist, had never treated
either a cardiac patient or a post-operative condition; nor did he
examine the decedent, either before or after death. Nor was an
autopsy ever performed on the decedent. 
AFFIRMED.